956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert RAMIREZ, Defendant-Appellant.
 No. 91-55609.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 9, 1992.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert Ramirez pleaded guilty to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846 and 841(a)(1). Ramirez was convicted and sentenced to 121 months in jail. He then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied this motion.
 
 
 3
 Ramirez argues that the district court erred in not vacating his guilty plea because (1) his plea was involuntary, (2) his confession was coerced, and (3) counsel provided him with ineffective assistance. We have jurisdiction to review the denial of Ramirez's motion de novo pursuant to 28 U.S.C. § 2255. His claims are without merit and we affirm the district court's judgment.
 
 
 4
 Ramirez argues that his guilty plea was not voluntary because his attorney failed to advise him of his constitutional rights, and because the prosecutor threatened him. However, Ramirez adduces no evidence to support his claims. Indeed, a review of the record belies these claims. The record shows that the judge fully advised Ramirez of the nature and consequences of pleading guilty. Ramirez responded affirmatively when asked if he understood the rights that he was giving up by pleading guilty. Furthermore, Ramirez declared under oath that his plea was free and voluntary. "[S]olemn declarations made in open court carry a strong presumption of verity." United States v. Rivera-Ramirez, 715 F.2d 453, 458 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984), reh'g denied, 468 U.S. 1204 (1984). Both Ramirez's attorney and the prosecutor signed a declaration stating that no threats had been made to induce Ramirez into pleading guilty. Ramirez's plea cannot be deemed involuntary.
 
 
 5
 Ramirez next argues that his conviction was obtained by the use of a coerced confession. However, the self-incriminating tape-recorded statements Ramirez puts at issue were made to government agents prior to his arrest. Such statements could not have been coerced since Ramirez was not aware that he was speaking to government agents.
 
 
 6
 Ramirez also argues that incriminating statements made to a probation officer influenced his decision to plead guilty. Yet, these statements were made after Ramirez had pled guilty. Thus, the incriminating statements made by Ramirez could not have influenced his decision to plead guilty.
 
 
 7
 Finally, Ramirez argues that he received ineffective assistance from his attorney. There is a strong presumption that attorneys effectively represent their clients. To prevail on a claim of ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 686 (1984). Moreover, "counsel's error must have prejudiced the defendant." Id. In reviewing the record, we conclude that Ramirez was rendered adequate legal assistance by counsel.
 
 CONCLUSION
 
 8
 Ramirez raised three separate issues on his appeal. We reject each in turn. We affirm the district court's judgment.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3